**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 25-4300**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMES BERNARD POWELL,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Beaufort. David C. Norton, District Judge.  (9:17-cr-01173-DCN-1)

Submitted:  September 12, 2025                    Decided:  October 3, 2025

Before NIEMEYER and KING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed and remanded by unpublished per curiam opinion.

**ON BRIEF:**  Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Janet Carra Henderson, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Bernard Powell appeals the district court's judgment revoking his supervised release and imposing a prison sentence of 12 months and a day. Powell's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning the procedural reasonableness of Powell's sentence. Although notified of his right to do so, Powell has not filed a pro se supplemental brief. The Government has declined to file a response. We affirm.

"A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). "[W]e will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Cohen*, 63 F.4th 250, 258 (4th Cir. 2023) (internal quotation marks omitted). Where, as here, the sentence does not exceed the statutory maximum, "we first examine whether the sentence was unreasonable at all, procedurally or substantively." *United States v. Amin*, 85 F.4th 727, 739 (4th Cir. 2023) (internal quotation marks omitted). "Only if we find the sentence unreasonable must we decide whether it is plainly so." *Id.* (internal quotation marks omitted).

We conclude that the district court's sentence is procedurally reasonable, as the court correctly calculated the policy statement range, allowed the parties to advocate for an appropriate sentence, and gave Powell an opportunity to address the court. In addition, we find that the court's sentencing explanation, "though brief, was legally sufficient." *Rita v. United States*, 551 U.S. 338, 356 (2007). We therefore discern no procedural error in the imposition of Powell's revocation sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's revocation judgment. However, we remand with instructions to amend the written judgment to reflect that Powell admitted Violations 35, 37, 38, 39, and 40, and that Powell was found to have committed Violation 36.[*]

This court requires that counsel inform Powell, in writing, of the right to petition the Supreme Court of the United States for further review. If Powell requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Powell.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*

---

[*] Presently, the written judgment indicates that Powell admitted all 41 alleged violations. However, the Government declined to pursue Violations 1 through 34, and the district court did not rule on Violation 41.